**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BINA SHAHANI,

                     Petitioner,

v.                                              Civ.  No. 06-0267 JCH/KBM

JOHN NAVANI,

                     Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Bina Shahani's Motion for Remand for Lack of Subject Matter Jurisdiction, filed May 4, 2006 **[Doc. No. 7]**.  The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well taken and will be **GRANTED**.

## BACKGROUND

In a related case brought by Mr. Navani seeking return of the minor child to his country of habitual residence pursuant to the Hague Convention of the Civil Aspects of International Child Abduction ("Hague Convention case"), this Court ordered the return of the minor child to London, England by June 15, 2006.  *See In re the Application of John Navani v. Bina Shahani*, Civ. No. 06-191 JCH/LFG, Findings of Fact and Conclusions of Law, filed Mar. 31, 2006.

On March 31, 2006, the same day the Court entered its order of return, Ms. Shahani filed a Petition for Order of Protection from Domestic Abuse in New Mexico state district court pursuant to the New Mexico Family Violence Protection Act, NMSA §§ 40-13-1 *et seq.  See Shahani v. Navani*, D-0101-DV-2006-00221, State of New Mexico, First Judicial District Court.  That same

day, the state district court entered an *ex parte* Temporary Order of Protection and Order to Appear.[1]

Mr. Navani thereafter removed the case to this Court.  The case originally was assigned to Magistrate

Judge Torgerson, but the case was transferred to this Court.  On April 5, 2006, Mr. Navani filed

motions to consolidate this case with the Hague Convention case.  Ms. Shahani, in turn, filed the

Motion for Remand and Lack of Subject Matter Jurisdiction.

In the Hague Convention case, Ms. Shahani filed a Motion for a New Trial on April 14, 2006,

asking the Court to reconsider its decision to return the minor child to England based upon the

alleged new evidence of child abuse at issue here, in the New Mexico Family Violence Act case.  The

Court conducted a hearing on the Motion for a New Trial on May 25, 2006.  On May 26, 2006, the

Court denied Ms. Shahani's Motion for a New Trial, finding that Ms. Shahani's allegations that form

the basis for the Motion for a New Trial (and the Family Violence Act Petition for an Order of

Protection at issue here) were not credible.  Therefore, the March 31, 2006, Order issued in the

Hague Convention case requiring return of the minor child to England by June 15, 2006, is still in

effect.

## DISCUSSION

Ms. Shahani asks the Court to remand this New Mexico Family Violence Act case to state

court on the ground that the Court lacks subject matter jurisdiction to hear this case.  The Court

agrees.  Federal removal jurisdiction is statutory in nature and must be strictly construed.  There

are two statutory bases for federal court subject matter jurisdiction:  diversity jurisdiction under

28 U.S.C. Section 1332 and federal question jurisdiction under 28 U.S.C. Section 1331.

---

[1] The state court entered the Temporary Order of Protection after this Court entered its
order in the Hague Convention case requiring the return of the minor child to England.

*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citations omitted).

Neither of these bases of jurisdiction support removal here.  First, although the citizenship of the

parties is diverse, Mr. Navani cannot demonstrate that the $75,000 amount in controversy

requirement is met.  *See* 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interests and costs"); *see also Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (the

burden is on the party claiming jurisdiction to show it by a preponderance of the evidence).

Second, this case does not arise under the "Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331.  Rather, Ms. Shahani brings this case pursuant to the New Mexico Family

Violence Protection Act, NMSA § 40-13-1 *et seq.*  Accordingly, this Court does not have subject

matter jurisdiction to hear this case.

The Court notes, however, that it does have subject matter jurisdiction pursuant to the

Hague Convention to review any decision the state court may make with respect to Ms. Shahani's

Petition for an Order of Protection pursuant to the New Mexico Family Violence Protection Act.

Article 17 of the Hague Convention specifically provides that the "sole fact that a decision relating

to custody has been given in or is entitled to recognition in the requested State shall not be a

ground for refusing to return a child under this Convention."  Hague Convention, Art. 17.  The

Court may "take account of the reasons for [a state court custody] decision in applying th[e]

Convention" and deciding whether to return the child to his country of habitual residence.  *Id.*

The Court, however, already has heard in the Hague Convention case the evidence that forms the

basis for Ms. Shahani's Family Violence Act Petition for Order of Protection, and already has

determined in the Hague Convention case that the evidence is not credible, that returning the child

3

to England does not place him at "grave risk" because no child abuse occurred, and that the

March 31, 2006, Order requiring return of the child to England should remain in effect.[2] *Navani*

*v. Shahani*, Civ. No. 06-191 JCH/LFG, Mem. Op. & Order, filed May 26, 2006.

The Court also notes that Article 16 of the Hague Convention provides that "until it has

been determined that the child is not to be returned under the Convention," the "judicial . . .

authorities of the . . . State to which the child has been removed . . . shall not decide on the merits

of rights of custody." Hague Convention, Art. 16; *see also Yang v. Tsui*, 416 F.3d 199, 201 (3rd

Cir. 2005), *cert. denied*, 126 S. Ct. 1419 (2006). On March 15 and March 22, 2006, the Court

conducted hearings in the Hague Convention case on the merits of Mr. Navani's Petition for

Return of the Child pursuant to the Convention. *See Navani v. Shahani*, Civ. No. 06-191

JCH/LFG, Docket Nos. 7 and 12. On March 31, 2006, before the state district court entered its

Temporary Order of Protection and Order to Appear, the Court in the Hague Convention case

decided that the minor child should be returned to his country of habitual residence pursuant to

the Convention. *Id.*, Findings of Fact and Conclusions of Law, filed Mar. 31, 2006. Because the

Court did not rule in Ms. Shahani's favor, Article 16 of the Hague Convention provides that New

Mexico courts should not decide the merits of rights of custody. Hague Convention, Art. 16; *see*

*Yang*, 416 F.3d at 201 ("'until it has been determined that the child is not to be returned under the

Convention,' the state to which the child has been removed 'shall not decide on the merits of

---

[2] As explained in the factual background section, the Court conducted a hearing on Ms. Shahani's Motion for a New Trial in the Hague Convention case. In her Motion for a New Trial, Ms. Shahani maintained that new evidence of child abuse had arisen that placed the minor child at grave risk should he be returned to England. The evidence presented at the hearing on the Motion for a New Trial is the same evidence that forms the basis for Ms. Shahani's Petition for an Order of Protection.

rights of custody'") (quoting Hague Convention, Art. 16); *see also Mozes v. Mozes*, 239 F.3d

1067, 1085 (9th Cir. 2001) ("federal courts must have the power to vacate state custody

determinations and other state court orders that contravene the [Hague Convention]").

Therefore, pursuant to the Hague Convention, the custody issues in dispute in this case should be

decided in England, the child's country of habitual residence.

**CONCLUSION**

**IT THEREFORE IS ORDERED** that Petitioner Bina Shahani's Motion for Remand for

Lack of Subject Matter Jurisdiction, filed May 4, 2006 **[Doc. No. 7]**, is hereby **GRANTED**.


Dated this 31st day of May 2006.


JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE